# SOUTHERN DISTRICT OF CALIFORNIA

VETERANS DIVERSION PROGRAM AGREEMENT

Name: Edgar Machado

Docket No: 19CR00732

Offenses: 8 USC § 1324(a)(2)(B)(iii)

Court: Veterans Diversion Court (VDC) - AGS

Date of Plea: June 19, 2019

Period of Diversion: 12-24 months

## **INTRODUCTION**

The United States Attorney's Office has provided you with the opportunity to participate in the Southern District of California's Veterans Diversion Court ("VDC"), one of the district's two veterans pretrial diversion programs.

VDC is a program in which certain defendants who are veterans are offered the opportunity to divert prosecution in exchange for participation in a court-supervised, pretrial supervision program aimed at early intervention, rehabilitation, employment and education.

Your participation is entirely voluntary. If you do not wish to participate, your criminal case will proceed by normal course, and there will be no additional negative consequences because of your decision not to participate.

## **THE VDC PROGRAM BASICS**

Defendants in VDC will be supervised by a VDC U.S. Pretrial Services Officer (PSO). As part of the program, defendants agree to take part in drug, alcohol, and mental health testing and evaluations. Defendants also agree to participate in any and all recommended drug, alcohol, and mental health programs and to actively seek and maintain employment or education. In addition, defendants must comply with all other conditions of pretrial release and supervision.

1

You may be appointed a criminal defense attorney (CDA) who is familiar with the VDC Program. Your criminal defense attorney, whether appointed or retained, will be permitted to have access to your treatment provider and treatment records.

An Assistant U.S. Attorney (AUSA) also will be assigned to the VDC program.

And, a qualified and trained veteran may be assigned to you as a mentor.

The defense attorney, the AUSA, and the mentor (if assigned) will work with the PSO to provide additional support and encouragement for your success in the VDC Program.

If you participate in, and successfully complete, the VDC program, the felony 8 USC § 1324(a)(2)(B)(iii) charges will be dismissed.

If you choose to participate in, and do not successfully complete the VDC Program, your case will be set for sentencing pursuant to your VDC Program plea agreement, and the court may appoint you a new attorney who is not involved in the VDC Program.

## LENGTH OF DIVERSION

The VDC period will last at least one year and up to a maximum of two years. As a condition of participation, you must agree that during the period of diversion, the time limitations contained in the Speedy Trial Act and the Sixth Amendment to the U.S. Constitution will be tolled to allow you to demonstrate your good conduct. 18 U.S.C. § 3161(h)(2).

## COURT APPEARANCES

You will be required to appear regularly before a VDC Program Magistrate Judge to discuss your progress and evaluate your compliance. Court appearances may increase or decrease over the duration of pretrial supervision, based upon your performance in the program. The PSO, CDA, AUSA, and mentor (if assigned) will be present at court appearances. Progress reports from the PSO and treatment provider(s), if any, will be provided to the court and attorneys. These reports will describe both successes and problems experienced on pretrial supervision.

/ /

/ /

2

# **LIMITED USE OF STATEMENTS MADE DURING THE VETERANS PROGRAM**

An important component of the VDC program is your complete candor during your treatment, interactions with Pretrial Services, and court appearances. To encourage your candor, the United States Attorney's Office for the Southern District of California (USAO) has agreed as follows:

(A) Except as otherwise provided in subparagraphs (B) and (C) below, in any criminal prosecution that may be brought against you by the USAO, the USAO will not offer in evidence in its case-in-chief any statements you make to a VDC Magistrate Judge during your VDC program appearances or any statements you make to treatment providers, to the PSO, or to your mentor (collectively VDC program statements).

(B) Notwithstanding the USAO's agreement set forth in subparagraph (A) above, the USAO may use

(i) information derived directly or indirectly from VDC program statements for the purpose of obtaining and pursuing leads to other evidence, which evidence may be used for any purpose, including any criminal prosecution of you; and

(ii) VDC program statements and all evidence obtained directly or indirectly from those VDC program statements for the purpose of cross-examination should you testify, or to refute or counter at any stage of any proceeding (including during the USAO's case-in-chief in any criminal prosecution) any evidence, argument, statement or representation offered by or on your behalf in connection with that proceeding.

(C) Notwithstanding the USAO's agreement set forth in subparagraph (A) above, the USAO reserves the right to use any VDC program statements in any prosecution for false statements, obstruction of justice, or perjury.

The USAO's agreement in subsection (A) above is limited to the USAO for the Southern District of California and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. Moreover, the USAO's agreement in subparagraph (A) above is limited

3



to VDC program statements and does not apply to any statements made by you at any other time, whether oral, written, or recorded.

## **DIVERSION VIOLATIONS AND SANCTIONS**

You are required to comply with all conditions imposed by the VDC Program Magistrate Judge and the Pretrial Services Officer. Failure to do so will result in the imposition of sanctions. Violations and sanctions will ordinarily be handled on the regularly scheduled VDC Magistrate Judge's calendar. The court, however, can schedule an appearance at any time. Sanctions and modifications regarding treatment may be handled on an expedited basis with the consent of the parties and the VDC Program Magistrate Judge.

If a Progress Report contains an allegation of noncompliance, you may choose to agree that the allegation is true and waive the traditional protections and procedures afforded to those on pretrial release when they are accused of violating a condition of release. If you do, there will be no hearing on whether the allegation is true. A program sanction may be imposed, including termination from the program. As noted above, noncompliance can also be handled outside the presence of the VDC Magistrate Judge if all parties agree.

Alternatively, you may wish to contest the alleged violation. The only permissible contested hearing in the VDC program, however, is a claim of actual innocence of the alleged violation or act of non-compliance. If a contested hearing is requested, your defense attorney will assist you in contesting the allegation. After the hearing, the VDC Magistrate Judge will decide whether the allegation of non-compliance is true.

If, at any time following your entry into the VDC program, you are alleged to have committed a new federal, state or local crime, then in order to find that the allegation is true, the VDC Magistrate Judge need only find probable cause to believe that you committed the crime. For any other type of violation, the VDC Magistrate Judge will find the allegation true if there is clear and convincing evidence that you committed the violation.

If you admit a violation or the VDC Magistrate Judge finds such a violation or act of non-compliance, you will be sanctioned. The range of possible sanctions is broad to ensure that the sanction is appropriate for the violation or act of non-compliance. Factors that will influence the type of sanction employed include:

4



the seriousness of the violation or act of non-compliance, the number of violations, and the length of time you have remained compliant, either before a first violation, or between violations. In addition, an important factor will be whether you voluntarily disclose the violation. Dishonesty on your part will result in enhanced sanctions. Depending on these factors, any of the sanctions listed below - including termination from the VDC Program - may be imposed. As a general rule, when there are repeat violations, more serious sanctions will be applied. Sanctions may include, but are not limited to:

* Judicial reprimand in open court;

* Order to attend and observe pre-determined VDC program proceedings;

* Order to submit a written explanation for noncompliance behavior and how you plan to correct (for example, why you failed to attend treatment or tested positive or about the trigger that most often causes you to relapse and why, or about what you will do differently to prevent this type or another violation in the future);

* Order to engage in additional hours of community service;

* Curfew restrictions or home confinement (with conditions that may include GPS monitoring);

* Increase in frequency of progress hearings before the VDC Magistrate Judge;

* Order to complete a non-punitive residential term at a community corrections center or treatment facility;

* Order to attend or increase attendance at Narcotics Anonymous, Alcoholic Anonymous, or other Veterans Administration or out-patient treatment program; and

* Termination from VDC with or without filing a formal violation.

If appropriate, sanctions may be ordered more than once during the course of VDC. When expedited action is appropriate and the parties agree, a sanction or adjustment in treatment can be imposed through modification and without an appearance before Court. The

5

PSO's report at the next Court appearance will inform the VDC Magistrate Judge whether you properly complied with the sanction ordered at the last appearance. Failure to comply with ordered sanctions may result in added sanctions or termination from the VDC program.

The PSO need not wait until the scheduled court appearance to address problems occurring during pretrial release. Minor violations may be dealt with by the PSO who will notify the defense counsel and AUSA about all violations. However, the VDC Program Magistrate Judge always has discretion to issue immediately an arrest warrant if you are alleged to have committed a violation.

## **TERMINATION FROM VDC PROGRAM**

### *THE COMMISSION OF A NEW CRIME SHALL RESULT IN TERMINATION FROM THE VDC PROGRAM.*

Termination from VDC may occur due to a failure or refusal to participate in programs or treatment ordered by the VDC Magistrate Judge, by incurring repeated violations of or non-compliance with any other conditions of pretrial release, by failing to make required court appearances, or by committing a new crime. The VDC Magistrate Judge will make final decisions regarding involuntary termination.

If you wish to appeal your termination from the VDC program to the assigned district judge, you must do so within 14 days of the termination decision.

You also may voluntarily discontinue the program. If you choose to do so, you may be assigned a new, non-VDC attorney and will be ordered to appear before a new judge for sentencing in accordance with your plea and VDC Agreement. You also will be transferred to traditional pretrial supervision. Your new PSO will not charge you with any violations committed and resolved during your participation in the VDC program. However, if you terminate your participation prior to the resolution of the violation, the violation may be alleged by the new PSO and resolved by the new judge. In addition, the judge presiding over any pretrial supervision violation will be advised of all conduct that has taken place during pretrial supervision including successes, failures, and sanctions that occurred during your participation in VDC.

As noted above, if you are terminated from the VDC program,

Def. Initials

6

or voluntarily withdraw, you may be appointed new counsel and your case will proceed to sentencing on the plea entered pursuant to this Agreement. You will not be permitted to withdraw your plea. Additionally, you will return to regular pretrial supervision status, and may face a violation hearing.

## **GRADUATION AND DISMISSAL OF CRIMINAL CHARGE**

Upon successful completion of the VDC program, your 8 USC § 1324(a)(2)(B)(iii) charges will be dismissed with prejudice.

## **RECORDS CHECKS**

Whether you graduate or are terminated from the program, Pretrial Services may conduct a criminal records check for analytical purposes after the VDC program ends, not to exceed one criminal records check per year.

## **AGREEMENT TO PARTICIPATE**

*DEFENDANT:*

I, Edgar Machado, have read, or someone has read to me in my native language, this Agreement. I have discussed this Agreement with my attorney and I understand its terms. I have also discussed with my attorney the VDC program and I understand that program. I voluntarily agree to participate in the VDC program subject to the terms and conditions set forth in this Agreement. I understand that I can revoke my voluntary participation in the VDC program at any time and understand that by doing so, I agree that I shall not be allowed to withdraw my plea and that my case will proceed to sentencing pursuant to this Agreement and my VDC Program plea agreement.

DATE: 6/18/2019

SIGNATURE: 

/ / /

/ / /

/ / /

7

Def. Initials

*VDC PROGRAM DEFENSE ATTORNEY:*

I, the attorney representing the Defendant in connection with the VDC program, have discussed this diversion program and this Agreement with the defendant. I believe the defendant understands the VDC program and the terms and conditions of this Agreement, and that the defendant's decision to participate in the VDC program is knowingly and voluntarily made.

DATE: 6/18/2019

SIGNATURE: _____

*VDC PROGRAM ASSISTANT UNITED STATES ATTORNEY:*

I, the Assistant United States Attorney representing the United States Attorney's Office for the Southern District of California, in the VDC Program, agree to the terms and conditions of this Agreement on behalf of the USAO.

DATE: 6/19/19

SIGNATURE _____

*VDC PROGRAM PRETRIAL SERVICES OFFICER:*

I, the Pretrial Services Officer assigned to the VDC Program, accept the above-named Defendant into the VDC Program subject to the terms and conditions of this Agreement.

DATE: 7/11/19

SIGNATURE _____

*VDC PROGRAM MAGISTRATE JUDGE*:

I, the VDC Program Magistrate Judge, accept the above-named Defendant into the VDC Program subject to the terms and conditions of this Agreement.

DATE: June 19, 2019

SIGNATURE _____

Def. Initials

8